1 | TRACY L. WILKISON
United States Attorney
2 | SCOTT M. GARRINGER
Assistant United States Attorney
3 | Chief, Criminal Division
KAITLYN B. LASATER (Cal. Bar No. 299762)
4 | Assistant United States Attorney
Riverside Branch Office
5 |    3403 10th Street, Suite 200
Riverside, California 92501
6 |    Telephone: (951) 955-5400
Facsimile: (213) 276-6202
7 |    E-mail:  Kaitlyn.Lasater@usdoj.gov

8 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

9 |

10 |                  UNITED STATES DISTRICT COURT

11 |           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,          ED CR No. 22-00055-GW

13 |            Plaintiff,              PLEA AGREEMENT FOR DEFENDANT
                                       TAHIR USMAN
14 |                 v.

15 | TAHIR USMAN,

16 |            Defendant.

17 |

18 |      1.   This constitutes the plea agreement between TAHIR USMAN

19 | ("defendant") and the United States Attorney's Office for the Central

20 | District of California (the "USAO") in the above-captioned case.

21 | This agreement is limited to the USAO and cannot bind any other

22 | federal, state, local, or foreign prosecuting, enforcement,

23 | administrative, or regulatory authorities.

24 |                     DEFENDANT'S OBLIGATIONS

25 |      2.   Defendant agrees to:

26 |           a.   At the earliest opportunity requested by the USAO and

27 | provided by the Court, appear and plead guilty to count 1 of the

28 | indictment in United States v. Tahir Usman, ED CR No. 22-00055-GW,

1  which charges defendant with Use of a Facility of Interstate Commerce
2  to Attempt to Induce a Minor to Engage in Criminal Sexual Activity,
3  in violation of 18 U.S.C. § 2422(b).

4          b.    Not contest facts agreed to in this agreement.

5          c.    Abide by all agreements regarding sentencing contained
6  in this agreement.

7          d.    Defendant consents under Section 15002(b) of the CARES
8  Act to proceed with his change of plea hearing by VTC or telephone,
9  if VTC is not reasonably available.

10          e.    Defendant consents under Section 15002(b) of the CARES
11  Act to proceed with his sentencing hearing by VTC or telephone, if
12  VTC is not reasonably available.

13          f.    Defendant consents under 18 U.S.C. § 3148 and Section
14  15002(b) of the CARES Act to proceed with any hearing regarding
15  alleged violations of the conditions of pretrial release by VTC or
16  telephone, if VTC is not reasonably available.

17          g.    Appear for all court appearances, surrender as ordered
18  for service of sentence, obey all conditions of any bond, and obey
19  any other ongoing court order in this matter.

20          h.    Not commit any crime or any act constituting
21  obstruction of justice; however, offenses that would be excluded for
22  sentencing purposes under United States Sentencing Guidelines
23  ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the
24  scope of this agreement.

25          i.    Be truthful at all times with the United States
26  Probation and Pretrial Services Office and the Court.

27

28

2

1    j.    Pay the applicable special assessment at or before the
2 time of sentencing unless defendant has demonstrated a lack of
3 ability to pay such assessments.

4    k.    At or before the time of sentencing, satisfy any and
5 all restitution/fine obligations based on ability to pay by
6 delivering a certified check or money order to the Fiscal Clerk of
7 the Court in the amount ordered by the Court, to be held until the
8 date of sentencing and, thereafter, applied to satisfy defendant's
9 restitution/fine balance. Payments may be made to the Clerk, United
10 States District Court, Fiscal Department, 255 East Temple Street,
11 11th Floor, Los Angeles, California 90012.

12    l.    Ability to pay shall be assessed based on the
13 Financial Disclosure Statement, referenced below, and all other
14 relevant information relating to ability to pay.

15    m.    Defendant agrees that any and all restitution/fine
16 obligations ordered by the Court will be due in full and immediately.
17 The government is not precluded from pursuing, in excess of any
18 payment schedule set by the Court, any and all available remedies by
19 which to satisfy defendant's payment of the full financial
20 obligation, including referral to the Treasury Offset Program.

21    n.    Complete the Financial Disclosure Statement on a form
22 provided by the USAO and, within 30 days of defendant's entry of a
23 guilty plea, deliver the signed and dated statement, along with all
24 of the documents requested therein, to the USAO by either email at
25 usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial
26 Litigation Section at 300 N. Los Angeles St., Suite 7516, Los
27 Angeles, CA 90012.

28

3

1          o.    Authorize the USAO to obtain a credit report upon
2    returning a signed copy of this plea agreement.

3          p.    Consent to the USAO inspecting and copying all of
4    defendant's financial documents and financial information held by the
5    United States Probation and Pretrial Services Office.

6          q.    Agree to and not oppose the imposition of the
7    following conditions of probation or supervised release:

8                i.    Sex Offender Registration: Defendant shall
9    register as a sex offender, and keep the registration current, in
10   each jurisdiction where defendant resides, where defendant is an
11   employee, and where defendant is a student, to the extent the
12   registration procedures have been established in each jurisdiction.
13   When registering for the first time, defendant shall also register in
14   the jurisdiction in which the conviction occurred if different from
15   defendant's jurisdiction of residence. Defendant shall provide proof
16   of registration to the Probation Officer within three days of
17   defendant's placement on probation/release from imprisonment.

18               ii.   Counseling: Defendant shall participate in a
19   psychological counseling or psychiatric treatment or a sex offender
20   treatment program, or any combination thereof, which may include
21   inpatient treatment upon order of the Court, as approved and directed
22   by the Probation Officer. Defendant shall abide by all rules,
23   requirements, and conditions of such program, including submission to
24   risk assessment evaluations and physiological testing, such as
25   polygraph and Abel testing, but defendant retains the right to invoke
26   the Fifth Amendment. Having made an individualized determination
27   based on this defendant's specific psychological profile, the Court
28   orders plethysmograph testing. The Court finds that such testing is

1    reasonably necessary to accomplish the factors listed in 18 U.S.C. §
2    3583(d)(1) and involves no greater deprivation of liberty than is
3    reasonably necessary. The Probation Officer shall be authorized to
4    disclose the presentence report and/or any previous mental health
5    evaluations or reports to the treatment provider.

6          iii. As directed by the Probation Officer, defendant
7    shall pay all or part of the costs of treating defendant's
8    psychological counseling or psychiatric treatment, or a sex offender
9    treatment program, or any combination thereof to the aftercare
10   contractor during the period of community supervision, under 18
11   U.S.C. § 3672. Defendant shall provide payment and proof of payment
12   as directed by the Probation Officer. If defendant has no ability to
13   pay, no payment shall be required.

14          iv.   Access to Materials: Defendant shall not view or
15   possess any materials, including pictures, photographs, books,
16   writings, drawings, videos, or video games, depicting and/or
17   describing child pornography, as defined in 18 U.S.C. §2256(8), or
18   sexually explicit conduct depicting minors, as defined at 18 U.S.C.
19   §2256(2). The defendant shall not possess or view any materials such
20   as videos, magazines, photographs, computer images or other matter
21   that depicts "actual sexually explicit conduct" involving adults as
22   defined by 18 U.S.C. § 2257(h)(1). This condition does not prohibit
23   defendant from possessing materials solely because they are necessary
24   to, and used for, a collateral attack, nor does it prohibit defendant
25   from possessing materials prepared and used for the purposes of
26   defendant's Court-mandated sex offender treatment, when defendant's
27   treatment provider or the probation officer has approved of
28   defendant's possession of the materials in advance.

1                   v.    Defendant shall not associate or have verbal,

2 written, telephonic, or electronic communication with any person

3 under the age of 18, except: (a) in the presence of the parent or

4 legal guardian of said minor; and (b) on the condition that defendant

5 notifies said parent or legal guardian of defendant's conviction in

6 the instant offense/prior offense. This provision does not encompass

7 persons under the age of 18, such as waiters, cashiers, ticket

8 vendors, etc., with whom defendant must interact in order to obtain

9 ordinary and usual commercial services.

10                vi.   Defendant shall not frequent, or loiter, within

11 100 feet of school yards, parks, public swimming pools, playgrounds,

12 youth centers, video arcade facilities, or other places primarily

13 used by persons under the age of 18.

14               vii. Defendant shall not affiliate with, own, control,

15 volunteer or be employed in any capacity by a business or

16 organization that causes defendant to regularly contact persons under

17 the age of 18.

18              viii.   Defendant shall not affiliate with, own,

19 control, or be employed in any capacity by a business whose principal

20 product is the production or selling of materials depicting or

21 describing "sexually explicit conduct," as defined at 18 U.S.C. §

22 2256(2).

23              ix.   Defendant shall not own, use or have access to

24 the services of any commercial mail-receiving agency, nor shall

25 defendant open or maintain a post office box, without the prior

26 written approval of the Probation Officer.

27              x.   Employment: Defendant's employment shall be

28 approved by the Probation Officer, and any change in employment must

1  be pre-approved by the Probation Officer. Defendant shall submit the
2  name and address of the proposed employer to the Probation Officer at
3  least ten days before any scheduled change.

4          xi.   Residence: Defendant shall not reside within
5  direct view of school yards, parks, public swimming pools,
6  playgrounds, youth centers, video arcade facilities, or other places
7  primarily used by persons under the age of 18. Defendant's residence
8  shall be approved by the Probation Officer, and any change in
9  residence must be pre-approved by the Probation Officer. Defendant
10  shall submit the address of the proposed residence to the Probation
11  Officer at least ten days before any scheduled move.

12          xii. Search: Defendant shall submit defendant's
13  person, and any property, house, residence, vehicle, papers,
14  computers, cell phones, other electronic communication or data
15  storage devices or media, email accounts, social media accounts,
16  cloud storage accounts, and effects and other areas under defendant's
17  control, to search at any time, with or without warrant, by any law
18  enforcement or Probation Officer with reasonable suspicion concerning
19  a violation of a condition of probation/supervised release or
20  unlawful conduct by defendant, and by any Probation Officer in the
21  lawful discharge of the officer's supervision function.

22          xiii.     Computer: Defendant shall possess and use
23  only those computers and computer-related devices, screen user names,
24  passwords, email accounts, and internet service providers ("ISPs")
25  that have been disclosed to the Probation Officer upon commencement
26  of supervision. Any changes or additions are to be disclosed to the
27  Probation Officer before defendant's first use. Computers and
28  computer-related devices include personal computers, personal data

1 assistants ("PDAs"), internet appliances, electronic games, cellular
2 telephones, and digital storage media, as well as their peripheral
3 equipment, that can access, or can be modified to access, the
4 internet, electronic bulletin boards, and other computers.

5         xiv. All computers, computer-related devices, and
6 their peripheral equipment, used by defendant shall be subject to
7 search and seizure. This shall not apply to items used at the
8 employment's site that are maintained and monitored by the employer.

9         xv.   Defendant shall comply with the rules and
10 regulations of the U.S. Probation Office's Computer Monitoring
11 Program. Defendant shall pay the cost of the Computer Monitoring
12 Program, in an amount not to exceed $32 per month per device
13 connected to the internet.

14                       THE USAO'S OBLIGATIONS

15     3.   The USAO agrees to:

16         a.   Not contest facts agreed to in this agreement.

17         b.   Abide by all agreements regarding sentencing contained
18 in this agreement.

19         c.   At the time of sentencing, provided that defendant
20 demonstrates an acceptance of responsibility for the offense up to
21 and including the time of sentencing, recommend a two-level reduction
22 in the applicable Sentencing Guidelines offense level, pursuant to
23 U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
24 additional one-level reduction if available under that section.

25         d.   Recommend that defendant be sentenced to a term of
26 imprisonment no higher than the statutory mandatory minimum for the
27 offense of conviction (120 months' imprisonment), 10 years supervised
28 release and the mandatory special assessment of $100.

## NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in count 1, that is, Use of a Facility of Interstate Commerce to Attempt to Induce a Minor to Engage in Criminal Sexual Activity, in violation of Title 18, United States Code, Section 2422(b), the following must be true:

a.    Defendant attempted to knowingly entice an individual under the age of 18 to engage in unlawful sexual activity;

b.    Defendant used a means or facility of interstate to do so; and

c.    Defendant knew the individual was under the age of 18.

## PENALTIES AND RESTITUTION

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2242, Subdivision (b), is: life imprisonment; a lifetime period of supervised release; a fine of $250,000; and a mandatory special assessment of $100.

6.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of 18 U.S.C. § 2422(b) is: 120 months' imprisonment; a 5- year period of supervised release; and mandatory special assessment of $100.

7.    Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

8.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject

9

1  to various restrictions and requirements.  Defendant understands that
2  if defendant violates one or more of the conditions of any supervised
3  release imposed, defendant may be returned to prison for all or part
4  of the term of supervised release authorized by statute for the
5  offense that resulted in the term of supervised release.

6      9.   Defendant understands that, by pleading guilty, defendant
7  may be giving up valuable government benefits and valuable civic
8  rights, such as the right to vote, the right to possess a firearm,
9  the right to hold office, and the right to serve on a jury. Defendant
10 understands that he is pleading guilty to a felony and that it is a
11 federal crime for a convicted felon to possess a firearm or
12 ammunition.  Defendant understands that the conviction in this case
13 may also subject defendant to various other collateral consequences,
14 including but not limited to revocation of probation, parole, or
15 supervised release in another case and suspension or revocation of a
16 professional license.  Defendant understands that unanticipated
17 collateral consequences will not serve as grounds to withdraw
18 defendant's guilty plea.

19     10.  Defendant and his counsel have discussed the fact that, and
20 defendant understands that, if defendant is not a United States
21 citizen, the conviction[s] in this case makes it practically
22 inevitable and a virtual certainty that defendant will be removed or
23 deported from the United States.  Defendant may also be denied United
24 States citizenship and admission to the United States in the future.
25 Defendant understands that while there may be arguments that
26 defendant can raise in immigration proceedings to avoid or delay
27 removal, removal is presumptively mandatory and a virtual certainty
28 in this case.  Defendant further understands that removal and

immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his conviction on his/her immigration status. Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is automatic removal from the United States.

11. Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender. Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. Defendant understands that the requirements for registration may include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student. Defendant further understands the requirement to keep the registration current including informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. Defendant understands that if he possesses a passport, it will be marked with a unique identifier identifying him as a convicted sex offender. Defendant understands that if he seeks to travel outside the United States, he must notify his residence jurisdiction of his travel at least 21 days before that

1  travel. Defendant understands that failure to comply with these
2  obligations subjects him to prosecution for failure to register under
3  federal law, 18 U.S.C. § 2250, which is punishable by fine or
4  imprisonment or both.

5                              FACTUAL BASIS

6      12.  Defendant admits that defendant is, in fact, guilty of the
7  offense to which defendant is agreeing to plead guilty.  Defendant
8  and the USAO agree to the statement of facts provided below and agree
9  that this statement of facts is sufficient to support a plea of
10  guilty to the charge described in this agreement and to establish the
11  Sentencing Guidelines factors set forth in paragraph 14 below but is
12  not meant to be a complete recitation of all facts relevant to the
13  underlying criminal conduct or all facts known to either party that
14  relate to that conduct.

15     Between October 25, 2021, and continuing through on or about
16  November 9, 2021, in Riverside County, within the Central District of
17  California, and elsewhere, defendant used facilities and means of
18  interstate and foreign commerce, namely, the Internet and a cellular
19  phone, to knowingly attempt to persuade, induce, entice, and coerce
20  an individual who had not attained the age of eighteen years,
21  specifically, a fictional child whom defendant believed to be a
22  twelve-year-old girl named "Destiny" ("Destiny"), to engage in sexual
23  intercourse and oral copulation.

24     Specifically, on October 25, 2021, defendant contacted a person
25  whom he believed was Destiny's father ("father"), but who was
26  actually an undercover agent, who had posted an ad claiming to be a
27  father wanting to watch others sexually enjoy his offspring.
28  Defendant, using the username "Lustfuleyesss, utilized the

                                    12

1   application "Wickr" to contact the undercover agent.  Defendant
2   eventually switched to a cellphone number to communicate with the
3   father via text message.  Defendant accessed Reddit.com and the Wickr
4   application through the internet using his cellular phone.  He texted
5   with the father using his cellular phone.

6          During their conversations, defendant told the father that he
7   would love to chat about Destiny.  The father told defendant Destiny
8   was almost 13 years old, nonverbal, and autistic.  Defendant
9   immediately asked whether she enjoyed being massaged, kissed, and
10  fingered.  Defendant explained he was coming to California for
11  vacation and wanted to meet up with the father and the father's
12  daughter while he was in town.  Defendant inquired on how to ensure
13  the child's consent and the agent responded to just give her a toy.
14  Defendant said he wanted to "make out" and "eat her out."  Defendant
15  stated he would decide on sexual intercourse once he was with the
16  child.  Defendant asked the father if anything made the child
17  uncomfortable.  The father told defendant the child liked bright
18  colors and defendant agreed to wear a bright blue shirt when they met
19  up.  Defendant attempted to knowingly enticed an individual under the
20  age of 18 to engage in unlawful sexual activity, namely, Lewd and
21  Lascivious Acts Upon a Child Under 14, in violation of California
22  Penal Code Section 288(a), and Arranging a Meeting with a Minor for
23  Lewd Purposes, in violation of California Penal Code Section
24  288.4(a)(1).

25         On November 7, 2021, defendant sent the father train schedules
26  from his Airbnb in Anaheim to the La Sierra station in Riverside.
27         On November 9, 2021, defendant arrived at the La Sierra train
28  station in Riverside at the agreed upon time, intending to have

1 sexual intercourse and oral sex with Destiny, whom he believed was 12
2 years old, and was subsequently arrested.

3 SENTENCING FACTORS

4     13. Defendant understands that in determining defendant's
5 sentence the Court is required to calculate the applicable Sentencing
6 Guidelines range and to consider that range, possible departures
7 under the Sentencing Guidelines, and the other sentencing factors set
8 forth in 18 U.S.C. § 3553(a). Defendant understands that the
9 Sentencing Guidelines are advisory only, that defendant cannot have
10 any expectation of receiving a sentence within the calculated
11 Sentencing Guidelines range, and that after considering the
12 Sentencing Guidelines and the other § 3553(a) factors, the Court will
13 be free to exercise its discretion to impose any sentence it finds
14 appropriate between the mandatory minimum and up to the maximum set
15 by statute for the crime of conviction.

16     14. Defendant and the USAO agree to the following applicable
17 Sentencing Guidelines factors:

| | | | |
|---|---|---|---|
| 18 | Base Offense Level: | 30 | U.S.S.G. § 2A3.1(a)(2) |
| 19 | Use of a Computer | +2 | U.S.S.G. § 2A3.1(b)(6)(B) |
| 20 | Minor Under Sixteen: | +2 | U.S.S.G. § 2A3.1(b)(2)(B) |

21     Defendant and the USAO reserve the right to argue that
22 additional specific offense characteristics, adjustments, and
23 departures under the Sentencing Guidelines are appropriate.

24     15. Defendant understands that there is no agreement as to
25 defendant's criminal history or criminal history category.

26     16. Defendant and the USAO reserve the right to argue for a
27 sentence outside the sentencing range established by the Sentencing

28

14

1    Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1),
2    (a)(2), (a)(3), (a)(6), and (a)(7).

3                    WAIVER OF CONSTITUTIONAL RIGHTS

4        17.  Defendant understands that by pleading guilty, defendant
5    gives up the following rights:

6              a.   The right to persist in a plea of not guilty.

7              b.   The right to a speedy and public trial by jury.

8              c.   The right to be represented by counsel -- and if
9    necessary have the Court appoint counsel -- at trial.  Defendant
10   understands, however, that, defendant retains the right to be
11   represented by counsel -- and if necessary have the Court appoint
12   counsel -- at every other stage of the proceeding.

13             d.   The right to be presumed innocent and to have the
14   burden of proof placed on the government to prove defendant guilty
15   beyond a reasonable doubt.

16             e.   The right to confront and cross-examine witnesses
17   against defendant.

18             f.   The right to testify and to present evidence in
19   opposition to the charges, including the right to compel the
20   attendance of witnesses to testify.

21             g.   The right not to be compelled to testify, and, if
22   defendant chose not to testify or present evidence, to have that
23   choice not be used against defendant.

24                  Any and all rights to pursue any affirmative defenses,
25                  Fourth Amendment of Fifth Amendment claims, and other
26                  pretrial motions that have been filed or could be filed.

27

28

                                    15

1

### WAIVER OF RETURN OF DIGITAL DATA

2      18.   Understanding that the government has in its possession
3 digital devices and/or digital media seized from defendant, defendant
4 waives any right to the return of digital data contained on those
5 digital devices and/or digital media and agrees that if any of these
6 digital devices and/or digital media are returned to defendant, the
7 government may delete all digital data from those digital devices
8 and/or digital media before they are returned to defendant.

9

### WAIVER OF APPEAL OF CONVICTION

10      19.   Defendant understands that, with the exception of an appeal
11 based on a claim that defendant's guilty plea was involuntary, by
12 pleading guilty defendant is waiving and giving up any right to
13 appeal defendant's conviction on the offense to which defendant is
14 pleading guilty.   Defendant understands that this waiver includes,
15 but is not limited to, arguments that the statute to which defendant
16 is pleading guilty is unconstitutional, and any and all claims that
17 the statement of facts provided herein is insufficient to support
18 defendant's plea of guilty.

19

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

20      20.   Defendant agrees that, provided the Court imposes a total
21 term of imprisonment on all counts of conviction of no more than *120*
22 *months' imprisonment*, defendant gives up the right to appeal all of
23 the following: (a) the procedures and calculations used to determine
24 and impose any portion of the sentence; (b) the term of imprisonment
25 imposed by the Court; (c) the fine imposed by the Court, provided it
26 is within the statutory maximum; (d) to the extent permitted by law,
27 the constitutionality or legality of defendant's sentence, provided
28 it is within the statutory maximum; (e) the amount and terms of any

1   restitution order; (f) the term of probation or supervised release
2   imposed by the Court, provided it is within the statutory maximum;
3   and (g) any of the following conditions of probation or supervised
4   release imposed by the Court: the conditions set forth in Second
5   Amended General Order 20-04 of this Court; the drug testing
6   conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the
7   alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7)
8   ; and any conditions of probation or supervised release agreed to by
9   defendant in paragraph 2 above.

10      21.   Defendant also gives up any right to bring a post-
11   conviction collateral attack on the conviction or sentence, including
12   any order of restitution, except a post-conviction collateral attack
13   based on a claim of ineffective assistance of counsel, a claim of
14   newly discovered evidence, or an explicitly retroactive change in the
15   applicable Sentencing Guidelines, sentencing statutes, or statutes of
16   conviction. Defendant understands that this waiver includes, but is
17   not limited to, arguments that the statute to which defendant is
18   pleading guilty is unconstitutional, and any and all claims that the
19   statement of facts provided herein is insufficient to support
20   defendant's plea of guilty.

21      22.   The USAO agrees that, provided all portions of the sentence
22   are at or above the statutory minimum and at or below the statutory
23   maximum specified above, the USAO gives up its right to appeal any
24   portion of the sentence.

25                 RESULT OF WITHDRAWAL OF GUILTY PLEA

26      23.   Defendant agrees that if, after entering a guilty plea
27   pursuant to this agreement, defendant seeks to withdraw and succeeds
28   in withdrawing defendant's guilty plea on any basis other than a

                                    17

1 claim and finding that entry into this plea agreement was
2 involuntary, then the USAO will be relieved of all of its obligations
3 under this agreement.

4 EFFECTIVE DATE OF AGREEMENT

5 24. This agreement is effective upon signature and execution of
6 all required certifications by defendant, defendant's counsel, and an
7 Assistant United States Attorney.

8 BREACH OF AGREEMENT

9 25. Defendant agrees that if defendant, at any time after the
10 signature of this agreement and execution of all required
11 certifications by defendant, defendant's counsel, and an Assistant
12 United States Attorney, knowingly violates or fails to perform any of
13 defendant's obligations under this agreement ("a breach"), the USAO
14 may declare this agreement breached. All of defendant's obligations
15 are material, a single breach of this agreement is sufficient for the
16 USAO to declare a breach, and defendant shall not be deemed to have
17 cured a breach without the express agreement of the USAO in writing.
18 If the USAO declares this agreement breached, and the Court finds
19 such a breach to have occurred, then: (a) if defendant has previously
20 entered a guilty plea pursuant to this agreement, defendant will not
21 be able to withdraw the guilty plea, and (b) the USAO will be
22 relieved of all its obligations under this agreement.

23 COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
24 OFFICE NOT PARTIES

25 26. Defendant understands that the Court and the United States
26 Probation and Pretrial Services Office are not parties to this
27 agreement and need not accept any of the USAO's sentencing

28

recommendations or the parties' agreements to facts or sentencing factors.

27. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be between the statutory mandatory minimum and within the statutory maximum.

1

## NO ADDITIONAL AGREEMENTS

2      29.   Defendant understands that, except as set forth herein,

3  there are no promises, understandings, or agreements between the USAO

4  and defendant or defendant's attorney, and that no additional

5  promise, understanding, or agreement may be entered into unless in a

6  writing signed by all parties or on the record in court.

7        PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

8      30.   The parties agree that this agreement will be considered

9  part of the record of defendant's guilty plea hearing as if the

10  entire agreement had been read into the record of the proceeding.

11  AGREED AND ACCEPTED

12  UNITED STATES ATTORNEY'S OFFICE
   FOR THE CENTRAL DISTRICT OF CALIFORNIA

13
   TRACY L. WILKISON
14  United States Attorney

15                                                    5-16-22
                                                     Date
16  KAITLYN B. LASATER
   Special Assistant United States
17  Attorney

18  _Usman Ali Tahir_                                 5/19/22
   USMAN ALI TAHIR                                   Date
19  Defendant

20                                                    5/19/22
   JOHN LUECK                                        Date
21  Attorney for Defendant USMAN TAHIR

22

23            CERTIFICATION OF DEFENDANT

24      I have read this agreement in its entirety.  I have had enough

   time to review and consider this agreement, and I have carefully and
25
   thoroughly discussed every part of it with my attorney.  I understand
26
   the terms of this agreement, and I voluntarily agree to those terms.
27
   I have discussed the evidence with my attorney, and my attorney has
28

20

advised me of my rights, of possible pretrial motions that might be
filed, of possible defenses that might be asserted either prior to or
at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
of relevant Sentencing Guidelines provisions, and of the consequences
of entering into this agreement.  No promises, inducements, or
representations of any kind have been made to me other than those
contained in this agreement.  No one has threatened or forced me in
any way to enter into this agreement.  I am satisfied with the
representation of my attorney in this matter, and I am pleading
guilty because I am guilty of the charge[s] and wish to take
advantage of the promises set forth in this agreement, and not for
any other reason.

*Usman Ali Tahir*                          5/14/22

USMAN ALI TAHIR                            Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am USMAN TAHIR's attorney.  I have carefully and thoroughly
discussed every part of this agreement with my client.  Further, I
have fully advised my client of his rights, of possible pretrial
motions that might be filed, of possible defenses that might be
asserted either prior to or at trial, of the sentencing factors set
forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
provisions, and of the consequences of entering into this agreement.
To my knowledge: no promises, inducements, or representations of any
kind have been made to my client other than those contained in this
agreement; no one has threatened or forced my client in any way to
enter into this agreement; my client's decision to enter into this
agreement is an informed and voluntary one; and the factual basis set

21

forth in this agreement is sufficient to support my client's entry of

a guilty plea pursuant to this agreement.

JOHN LUECK                                    Date  5/17/22
Attorney for Defendant USMAN TAHIR